VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        26-AP-242



## ENTRY ORDER

JULY TERM,   2026

State of Vermont v. Dennis McLaughlin*        }    APPEALED FROM:
                                             }    Superior Court, Rutland Unit,
                                             }    Criminal Division
                                             }    CASE NO. 26-CR-06412

In the above-entitled cause, the Clerk will enter:

Defendant Dennis McLaughlin appeals from the trial court's decision to impose cash bail or surety in the amount of $5000, among other conditions, across multiple pending dockets.  We conclude that the court's decision is supported by the record below and affirm.

Defendant has four pending charges: unlawful trespass of a dwelling house in violation of 13 V.S.A. § 3705(e); violation of a juvenile protection order in violation of 13 V.S.A. § 1030(a); and two counts of violating conditions of release (VCR) in violation of 13 V.S.A. § 7559(a).

Defendant was arraigned on June 22, 2026, for his charges of unlawful trespass and violation of a juvenile protection order.  The State's affidavit of probable cause alleged that defendant had gone to his wife and daughters' home the previous day, June 21, in violation of the order.  Defendant allegedly pulled into the driveway, went to the back door, opened it, and told his estranged wife that he "wanted to talk."  When his wife told him he was not allowed on the property, he left.  Later that day, a Vermont State Trooper found defendant, intoxicated, walking out of the back screen door of a different home.  This officer had previously contacted defendant, who provided the officer with his approximate location.  The owner of the home told the trooper that he had come downstairs to find defendant standing in his living room.  He told defendant to leave and defendant did so shortly after.

The trial court imposed several conditions of release, two of which are relevant here.  Condition 11 imposed a curfew on defendant requiring him to remain at his residence in Castleton, Vermont.  Condition 14 required that defendant "not knowingly initiate or maintain contact with [his wife or daughters] . . ., which includes in person, in writing, by telephone, by electronic communication including through social media, texts or e-mail or through a third person regardless of whether [defendant is] in jail or released."

The following day, June 23, defendant was charged with and arraigned for one count of VCR for allegedly violating condition 11.  The State's probable cause affidavit alleged that the owner of defendant's residence in Castleton was no longer willing to allow defendant to stay there, resulting in defendant violating his curfew the previous evening.  The trial court imposed three conditions of release, including a condition requiring him to return to court on June 24 for a bail review hearing.

On June 24, the State charged defendant with a second count of VCR for violating condition 14.  The State's affidavit of probable cause for the second VCR charge alleged that defendant had called his wife from an unknown number on June 23 and asked to be picked up from the bus station.  When defendant's wife informed him that he could not contact her and she would have to report it, defendant responded, "please don't," and hung up the call.

The court held defendant's arraignment and bail review hearing on June 24.  At the hearing, defense counsel informed the court that he had filed a motion to reduce defendant's curfew, condition 11, to something more "reasonable."  Counsel asserted that a 24/7 curfew was impracticable, and defendant would need to go out into the community to get food.  Because defendant no longer had a residence, the trial court struck condition 11, which rendered moot the defendant's motion to reduce curfew.  The State requested that the court impose bail in the amount of $5000, in addition to several conditions of release.

The trial court reviewed the factors outlined in 13 V.S.A. § 7554 and concluded that defendant posed a risk of flight from prosecution.  In reviewing the factors, the court noted that defendant was unemployed.  He had limited financial resources, no recent history of actual violence or threats of violence, and strong ties to the community, but no current residence, and "no clear record" of appearance at court proceedings or flight from prosecution.  The court explained that defendant had three pending dockets, with charges over three consecutive days all relating to violating court orders.  With a focus on defendant's second VCR, the court explained that its main concern was that defendant continued to violate court orders and asked his wife to not report his last violation.  The court viewed this behavior as indicative of defendant's inability or unwillingness to follow court orders, including, potentially, his obligation to come to court as directed.  The court also found that defendant's lack of curfew and stable residence increased the risk.  Concluding that defendant "now presents a risk of flight," the court imposed bail in the amount of $5000 and added several conditions of release pertaining to his second VCR charge. Defendant has not posted the bail and remains in pretrial custody.

Defendant appeals from the court's imposition of $5000 bail or surety as a condition of release, asserting that the trial court's reasoning was unsupported by the facts and amounted to a "logical fallacy."  Defendant argues that asking someone not to report a violation of a court order does not show that he was unable or unwilling to follow court orders, but rather that he did not want to get in trouble for violating the order.  Defendant also argues that his conduct in calling his wife and failing to abide by conditions of release is different from failing to come to court when ordered and does not indicate a risk of flight.  Defendant further contends that even though he is now charged with a second VCR, that does not mean that he is suddenly a flight risk, especially because the court had "already found that he had no record of failure to appear at court proceedings, and he still had not failed to appear."

This Court reviews the trial court's decision for an abuse of discretion, State v. Pratt, 2017 VT 9, ¶ 20, 204 Vt. 282, and will affirm an order imposing conditions of release if it is "supported by the proceedings below."  13 V.S.A. § 7556(b).

Under 13 V.S.A. § 7554(a)(1), a defendant "shall be ordered released on personal recognizance or upon the execution of an unsecured appearance bond . . . unless . . . such a release will not reasonably mitigate the risk of flight from prosecution as required."  To determine whether the defendant presents a risk of flight, the trial court must consider several factors including "the seriousness of the offense charged; the number of offenses with which the person is charged; . . . and whether, in connection with a criminal prosecution, the defendant is

compliant with court orders or has failed to appear at a court hearing." 13 V.S.A. § 7554(a)(1). If the trial court finds that the defendant is a flight risk, the court must also consider the nature and circumstances of the charged offense, the weight of the evidence, the accused's family ties, employment, financial resources, length of residence in the community, and record of appearances at court proceedings. Id. § 7554(b)(1). The court may then "impose the least restrictive" conditions or set of conditions "that will reasonably mitigate the risk of flight of the defendant." Id. § 7554(a)(1). These conditions can include requiring "the execution of a surety bond . . . or deposit of case in lieu thereof," but the court must first consider the defendant's financial means. Id. § 7554(a)(1)(E).

This Court has explained that "bail may be used only to assure the defendant's appearance in court and cannot be used as a means of punishing the defendant, nor of protecting the public." Pratt, 2017 VT 9, ¶ 13 (quotation omitted). "Although both the U.S. and Vermont Constitutions prohibit excessive bail, neither this Court nor the U.S. Supreme Court has ever held that bail is excessive solely because the defendant cannot raise the necessary funds." Id. ¶ 14. Section 7554 "allows a court to set bail at a level that a particular defendant may not be able to meet if the court concludes that bail at that level is the least restrictive way to assure that defendant's appearance." Id. ¶ 16.

The trial court's imposition of bail because defendant poses a risk of flight is supported by the proceedings below. Initially the trial court did not impose bail, despite the State's request, instead imposing other conditions of release. However, in the course of two days, defendant was twice charged with violating these conditions.[1] At the June 24 arraignment and bail review hearing, the trial court reviewed the § 7554 factors and determined that defendant was a flight risk due to his request that his wife not report his violation of conditions; the fact that a curfew could not be imposed because he lacked a residence; and his repeated violations of court orders—three times over three consecutive days.[2] The trial court also found that, by contacting his wife in violation of condition 14 and asking her not to report his violation, defendant further exhibited disregard for the law and a willingness to conceal violations of court orders. Defendant correctly points out that the three sets of charges he incurred from June 21 to June 24 did not specifically involve a failure to appear for court, but the trial court was not limited to consideration of defendant's record of appearance in making its risk of flight assessment. The court appropriately relied on defendant's multiple charged violations in rapid succession, as well as his attempt to conceal the last one and to encourage another person to do so, as barometers for his likelihood to attend court as directed. Moreover, the trial court did not immediately impose

---

[1]  The Court appreciates defendant's argument that his first VCR charge involved circumstances beyond his control because he went to the residence unaware that he was no longer welcome. Whether or not that is true, the defendant knew that he had two pending charges in two separate dockets when he incurred his third charge. The Court gives weight to the first violation charge insofar as it reflects defendant's pattern of response to court orders.

[2]  Defendant asserts that the court should not have stricken the curfew condition and then used the defendant's lack of residence to impute a higher risk of flight. To the extent defendant implies the court struck the curfew condition to support imposing monetary bail, the record does not support this suggestion. Instead, the court rescinded the curfew condition out of a recognition that defendant could not comply with it, and after defendant filed a motion seeking leniency from it.

cash bail, but rather, did so only after defendant incurred his third criminal charge involving a violation of a court order within a three-day time frame.

The trial court reasonably concluded that defendant demonstrated an inability or unwillingness to follow court orders, and that this inability suggests a likelihood that defendant will fail to appear for court. It did not abuse its discretion in imposing bail of $5000. See Pratt, 2017 VT 9, ¶ 16 (explaining that § 7554 "allows a court to set bail at a level that a particular defendant may not be able to meet if the court concludes that bail at that level is the least restrictive way to assure that defendant's appearance").

Affirmed.


FOR THE COURT:


_____
Christina E. Nolan, Associate Justice

4